Roxanne Rimonte [*pro hac vice*]
**C.A. Goldberg, PLLC**
16 Court Street, Floor 33
Brooklyn, NY 11241
T: (646) 666-8908
E: roxanne@cagoldberglaw.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JANE DOE, | Case No.: _____ |
| *Plaintiff,* | |
| v. | **PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |
| IAN LEV, | |
| *Defendant*. | |

Plaintiff respectfully moves the Court to permit her to proceed under a pseudonym. Leave to proceed under a pseudonym should be granted because it is necessary to protect the privacy rights of Plaintiff.  Permitting Plaintiff to proceed under a pseudonym does not prejudice either the public or Defendant.

## I.    NATURE OF THE CASE

Plaintiff was the victim of intimate image-based sexual abuse. Intimate content depicting the Plaintiff was published and disseminated without her knowledge or consent on a pornographic website and was viewed hundreds of thousands of times.

///

PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSUEDONYM - 1

## II.     ANONYMITY OF PLAINTIFF IS PERMITTED WHEN THE PUBLIC AND DEFENDANT SUFFER NO PREJUDICE

### A. *The Court should determine whether the disclosure of the Plaintiff's confidential information outweighs prejudice to the public and Defendant.*

"District courts have broad discretion to determine whether a plaintiff may proceed anonymously." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  A party may preserve anonymity in litigation under special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.  *Id.* at 1067-68. Nondisclosure of a party's identity is also appropriate when necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1068. If any of these risks outweighs prejudice to the defendant or public, the Court should permit the plaintiff to proceed under a pseudonym.  *Id*.  Examples of circumstances justifying the use of pseudonyms include (1) cases involving matters of a highly sensitive and personal nature; (2) cases where plaintiffs would be at risk of real physical danger should they disclose their identity; (3) cases where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *Id*.

### B. *The Defendant is not prejudiced by Plaintiff proceeding with a pseudonym.*

Allowing Plaintiff to proceed pseudonymously will not prejudice the Defendant, the offender in this Complaint.  Defendant can ascertain Plaintiff's identity from the complaint, which clearly describes a relationship that he was involved in for seven years.  Thus, allowing Plaintiff to proceed under a fictitious name will not affect Defendant's

ability to prepare its defense.  Plaintiff, by proceeding under a pseudonym, is trying to avoid public attention. Because Defendant will know Plaintiff's identity and be able to prepare a complete defense, Plaintiff's legitimate interest in shielding her identity outweighs any potential prejudice to the Defendant.

### C. The Public is not prejudiced by Plaintiff proceeding with a pseudonym.

Plaintiff recognizes the public's interest in seeing cases decided on the merits. *Advanced Textile Corp*., 214 F.3d at 1073. There is no legitimate public interest in connecting Plaintiff's real identity with the highly confidential and intimate information that the Court must consider in adjudicating this case. The public interest is best served by allowing Plaintiff to litigate her claim under a pseudonym because this will permit the intimate nature of the case to be discussed openly and in the public record without compromising Plaintiff's privacy interests. The public has no legitimate interest in connecting Plaintiff's real name to the extremely private facts that the Court will need to consider in this case. Preserving intimate privacy is a value protected by states and the Federal Government. *See* 15 U.S.C. § 6851; A.R.S. § 12-741; A.R.S. 13-3019; A.R.S. § 13-1425.

When keeping a plaintiff's name anonymous, it does little to harm the public's right of access to the case.  *Id*.  For example, "the question [of] whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*."  *Id*. at 1072 n.15.  The principle of open courts is not harmed by keeping the plaintiff's identity secret when

nothing about the plaintiff's identity is critical to the working of justice. *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).

In fact, allowing Plaintiff to proceed under a pseudonym may increase the likelihood that this case is decided on the merits. Having to disclose sensitive and personal facts about herself to the public might discourage Plaintiff from proceeding with the litigation. "Because the public has an interest in seeing cases litigated to a decision on the merits, the public may benefit by allowing Plaintiff to proceed anonymously." *R.W. v. Columbia Basin Coll.*, 4:18-CV-5089-RMP, 2018 WL 11436320, at *3 (E.D. Wash. Oct. 16, 2018).

### D. Plaintiff will suffer harm if her identity is disclosed to the public.

The Ninth Circuit employs a balancing test to determine whether proceeding under a pseudonym is appropriate. *Advanced Textiles*, 214 F.3d at 1068. In this case, the only two factors are relevant: (1) whether disclosing Plaintiff's identity creates a risk of retaliatory physical or mental harm, or (2) anonymity is necessary to preserve privacy for sensitive and highly personal matters. *Id*. Public availability of details regarding Plaintiff's intimate life is likely to cause personal embarrassment and injury to Plaintiff.

Additionally, "[w]ith regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *Doe K.G. v. Pasadena Hospital Ass'n, Ltd.*, 2019 WL 1612828, *1 (C.D. Cal.

2019). "Given the serious and sensitive nature of the allegations ..., there is a high likelihood Plaintiffs will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under their real names. Such personal embarrassment and emotional injury outweigh any potential prejudice to Defendants. Further, as other courts have held, allowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes." *O.W. v. State*, 2025 WL 624082 (D. Ariz. 2025).

Since the harms of this case closely mirror the harms that victims of sexual assault would face – such as embarrassment and emotional injury, this outweighs any potential prejudice to Defendant, which, as already established above, does not exist.

### III.     CONCLUSION

This case involves a matter of a highly sensitive and personal nature.  The issues in this case do not turn on the identity of the Plaintiff.  Plaintiff is not a public figure, which would strengthen the public's interest in knowing her identity. There are no illegal or ulterior motives in keeping her identity confidential. Doe merely seeks to protect her livelihood, reputation and privacy. Moreover, no evidence exists that permitting the Plaintiff to proceed anonymously would in any way prejudice or create an undue hardship since the opposing party is well aware of the Plaintiff's identity.

Because there is no prejudice to the Defendant or the public by allowing Plaintiff to proceed under a pseudonym, and because Plaintiff has an exceptional need for privacy

in light of the specific intimate facts at issue in this case, Plaintiff respectfully requests that the Court grant Plaintiff's motion and direct the Clerk to issue the summons.

Dated this 6th day of May, 2026.                    Respectfully submitted,


                                                    **C.A. GOLDBERG PLLC**


                                                    _____
                                                    Roxanne Rimonte [*pro hac vice*]
                                                    16 Court Street, Floor 33
                                                    Brooklyn, NY 11241
                                                    T:  (646) 666-8908
                                                    E:  roxanne@cagoldberglaw.com

                                                    *Counsel for Plaintiff Jane Doe*